**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
NEWTON BAYARD LIMITED                                             :
PARTNERSHIP, BY AND THROUGH ITS                                  :
GENERAL PARTNER, BAYARD                                          :
CORPORATION                                                      :
                                                                  :
                    Plaintiffs,                                   :
                                                                  :
           v.                                                     :   Docket No.: 08-cv-140-PB
                                                                  :
JPS NH, LLC, JPS OKUN NH, LLC, and                              :
EDWARD H. OKUN, INDIVIDUALLY, and                               :
EDWARD H. OKUN, TRUSTEE OF                                        :
EDWARD H. OKUN REVOCABLE TRUST                                   :
                                                                  :
                    Defendants.                                   :
                                                                  :

**DEFENDANT JPS NH, LLC'S**
**COUNTERCLAIM FOR DECLARATORY JUDGMENT AGAINST NEWTON**
**BAYARD LIMITED PARTNERSHIP**

NOW COMES JPS NH, LLC a/k/a JPS Okun NH, LLC ("JPS"), by and through its

attorneys Nixon Peabody LLP, and by way of a counterclaim against Newton Bayard Limited

Partnership ("NBLP") allege as follows:

**NATURE OF ACTION**

1.      JPS brings this counterclaim for declaratory relief, requesting that this Court

determine the validity and priority of a Third Mortgage granted by Defendant Edward H. Okun,

Trustee of the Edward H. Okun Amended and Restated Revocable Trust (the "Trustee" and the

"Trust" respectively), to JPS NH, LLC a/k/a JPS Okun NH, LLC in the original principal amount

of $1,000,000, dated August 17, 2007 and recorded with the Carroll County Registry of Deeds

(the "Registry") at Book 2653, Page 907 (hereinafter "Third Mortgage") on the real estate

situated at 39 Aaron Road and 49 Aaron Road in Wolfeboro, Carroll County, State of New

Hampshire therein described (the "Properties").

## PARTIES

2.      Defendant and Counter-Claimant JPS is a single member Delaware limited

liability company with its principal place of business at 200 West 57 St., Suite 303, New York,

NY 10019.[1]  JPS's single member is JPS Capital Partners, LLC ("JPS Capital") a New York

limited liability company with its principal place of business at 200 West 57 St., Suite 303, New

York, NY 10019.

3.      Upon information at belief, Plaintiff and Counter-Defendant NBLP is a limited

partnership formed pursuant to the laws of the State of New Hampshire with its principal place

of business at 75 Second Avenue, Suite 200, Needham, Massachusetts 02494.

4.      Upon information and belief, Defendant Edward H. Okun ("Okun") for himself

and in his capacity as Trustee of the Trust is an individual residing at 394 South Hibiscus

Drive, Miami Beach, Florida 33139.

5.      On information and belief, the Trust is a revocable trust with a business address of

4201 Millerville Road, Suite 20, Indianapolis, Indiana 46205.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the parties and subject matter of this action

pursuant to 28 U.S.C. §§ 1332 and 1441.

7.      Venue in this district is proper under 28 U.S.C. §§1391, because it is the judicial

district in which the Properties are situated.

---

[1]      The lender in the promissory note underlying the mortgage at issue is JPS NH, LLC.  JPS NH, LLC was erroneously called JPS OKUN NH, LLC by scrivener's error in the relevant mortgage given by Okun as Trustee of the Trust to JPS.

## RELEVANT FACTUAL BACKGROUND

8.      Upon information and belief, in 2005 and 2006, Okun acquired six regional

enterprises (hereinafter "the 1031 Okun Entities") engaging in the business of acting as

"qualified intermediaries" for deferred "like kind" property exchanges under Section 1031 of the

Internal Revenue Code.

9.      Upon information and belief, on or about May 13, 2007, the 1031 Okun Entities

filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the District of New York, administratively consolidated as Case No. 07-

1148 MG (hereinafter "the bankruptcy").

10.     Thereafter, in or about June of 2007, Okun, through his attorneys, approached JPS

Capital in an effort to secure up to $300 million in loan financing needed in the context of the

bankruptcy to satisfy debts and obligations of Okun and certain affiliates to the 1031 Okun

entities.

11.     On or about June 3, 2007, JPS Capital wrote Okun's attorneys stating that it was

"willing to consider providing financing the proceeds of which are needed in the context of a

certain bankruptcy proceeding [Okun] is involved in.  The net amount of the financing requested

is approximately $140 million."  See Exhibit A (the "Initial Interest Letter").  In the Initial

Interest Letter, JPS Capital further advised that "in order to determine the exact sizing, pricing

and structure of the proposed financing" it needed to: (1) travel to Ohio, Louisiana and Florida to

visit three of the proposed properties located in to be used as collateral; (2) review certain

documents with respect to the collateral; and (3) work with legal counsel to structure the

financing.  Id.  The Initial Interest Letter required Okun to pay JPS a non-refundable $25,000 fee

and reimburse it for any reasonable out of pocket expenses incurred in the context of due

diligence and issuing a term sheet.  Id.  Okun signed and returned the June 3, 2007 letter

indicating he was interested in proceeding with the contemplated financing and the terms of the

Initial Interest Letter were acceptable to him.  Id.  Okun paid the required non-refundable

$25,000 fee on or about June 4, 2007.

12.     Between June 3, 2007 and June 20, 2007, JPS Capital conducted the due diligence

contemplated by the Initial Interest Letter.

13.     On June 20, 2007, JPS Capital issued a Non-Binding Term Sheet ("Term Sheet")

for a loan of up to $300 million (the "Contemplated Loan") of senior secured and/or mezzanine

financing subject to terms, conditions and other provisions of the Term Sheet.  A true and

accurate copy of the Term Sheet is attached hereto as Exhibit B.  Subject to the provisions of the

Term Sheet, it was contemplated the proceeds of the Contemplated Loan would be used and

disbursed in accordance with the terms, covenants, conditions and other provisions of the Term

Sheet.

14.     Under the Term Sheet, the Borrowers, as defined therein (namely Okun and his

affiliates as listed on Schedule A thereto, see Exhibit B, Schedule A), were obligated to pay JPS

Capital an up-front fee of $500,000 payable on the sooner of October 31, 2007, or on the closing

of a bridge financing ("the Fee Delivery Date").  Id at p. 5-6.  In addition, the Borrowers agreed

to pay a structuring fee equal to 1% of the "loan", due on the sooner of the Fee Delivery Date or

on the closing of the Contemplated Loan.  Id. at p. 6.  The Borrowers were further obligated to

promptly pay certain loan costs, including, the costs of due diligence, and underwriting,

attorneys' fees, consulting engineer fees, insurance consultant fees, documentation costs, travel

expenses (including site visits), and closing fees and costs.

15.     On June 20, 2007, Okun and the other Borrowers, executed the Term Sheet acknowledging and accepting the terms therein. Id. at pp. 20-25.

16.     On or about August 17, 2007, and pursuant to a Letter Agreement ("the Bridge Loan Commitment") by and among the Official Committee of Unsecured Creditors of the 1031 Tax Group LLC, et al c/o Greenberg Traurig (the "Creditors' Committee"), JPS Capital, the Borrowers, The 1031 Tax Group LLC, et al, Debtors-in- Possession supplementing (and as contemplated by) the Term Sheet and describing the bridge loan therein referred to (the "Bridge Loan"), JPS made that portion of the Bridge Loan to Okun, individually and as Trustee, in the amount of $1,000,000 to fund certain unpaid fees, costs and expenses as required to be paid by Okun and the other "borrowers" as described in the Term Sheet and as described in the Bridge Loan Commitment.  Okun, individually and as Trustee of the Okun Trust signed a $1,000,000 Promissory Note (the "Third Mortgage Note") secured by the Third Mortgage on the Properties. See Exhibit C (Bridge Loan Commitment Letter); Exhibit D (Third Mortgage Note); and Exhibit E (Third Mortgage).

17.     After Okun, individually and as Trustee of the Trust, failed to pay the principal and/or interest of the Third Mortgage Note, as, when, and/or in the manner required thereby, JPS demanded payment in full of all sums due and payable thereunder and thereafter, commenced to foreclose the Third Mortgage pursuant to the terms of the statutory power of sale contained in the Third Mortgage.  The foreclosure sale, as originally noticed in the mortgagee's notice of sale, was scheduled for March 24, 2008, at 11:00 a.m.  This sale was thereafter adjourned until Wednesday, April 16, 2008 at 11:00 a.m.  That mortgagee's sale was ultimately cancelled.

18.     On or about March 18, 2008, just days before the first scheduled foreclosure sale, Plaintiff NBLP instituted an action in the New Hampshire Superior Court for Carroll County, Docket No. 08-E-033 (hereinafter "State Action") by filing an Emergency Petition to Enjoin Foreclosure Sale Pursuant to RSA 479:25(II) Pending Discovery ("Emergency Petition"). JPS removed the State Action to this Court on April 10, 2008.

19.     Upon information and belief, NBLP filed a separate state action against Okun and Okun Trust in Carroll County Superior Court. In conjunction with this separate lawsuit, NBLP obtained an *ex parte* attachment against the Properties in the amount of $4,550,000 recorded on or about October 30, 2007 in Book 2671, Page 169 (the "Attachment"), over two months after the Third Mortgage was granted and properly recorded with the Registry.

20.     In the Emergency Petition, NBLP argues that the Third Mortgage is invalid and/or subordinate to the Attachment for the various reasons alleged therein.

COUNT ONE – DECLARATORY JUDGMENT

21.     JPS realleges and incorporates the allegations contained in paragraphs 1 through 20 as if fully restated herein.

22.     A dispute has arisen between JPS and NBLP concerning the validity of the Third Mortgage and/or the priority of the Third Mortgage, and the parties' respective rights with respect to the Properties under the Third Mortgage and the Attachment for the reasons set forth above.

23.     Thus, a genuine and actual controversy exists between JPS and NBLP concerning the validity and priority of the Third Mortgage as against the Attachment for the reasons set forth above and in the Emergency Petition. The rights of the parties can best be determined by declaratory judgment.

24.     Pursuant to 28 U.S.C. § 2201(a), this Court may make binding declarations of

rights and legal relationships between parties in any case involving an actual controversy.

25.     JPS accordingly requests a declaration that its Third Mortgage is legally valid and

binding and that it is superior to any lien, attachment or other security held by NBLP to the full

amount of all sums claimed by JPS to be secured thereby.

WHEREFORE, JPS respectfully requests that this Honorable Court

A)     Declare that the Third Mortgage has priority over the Attachment and any other

interest held by NBLP on or to the Properties to the extent of all sums stated to be

due and owing by JPS under the Third Mortgage Note secured thereby;

B)     Grant the JPS its reasonable attorney's fees and costs for having to bring this

Counterclaim; and

C)     Grant such other and further relief as this Court deems just and proper.

Dated:  April 17, 2008

Respectfully submitted,
JPS NH, LLC a/k/a JPS OKUN NH, LLC

By and through their attorneys,

Nixon Peabody LLP

/s/ W. Scott O'Connell
W. Scott O'Connell, Esq.
Courtney Quinn Brooks, Esq.
900 Elm Street
Manchester, NH 03101-2031
Office:  603.628.4000
Fax:  603.628.4040
soconnell@nixonpeabody.com
cbrooks@nixonpeabody.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via U.S. Mail upon Brian M. Quirk, Esq., counsel for plaintiff.

/s/W. Scott O'Connell